Per Curiam.

A vote was passed by the town of Shrews-bury, in November 1785, containing an agreement, and intended for the foundation of a division of the town. This must be the one referred to in the statute, as no other vote of the kind exists. The reference would have been good without *110 mentioning any date, and the date of the second of January, 1786, may be rejected as surplusage.
The settlement of these paupers must therefore depend upor this vote ; which was passed by all the inhabitants of both towns, they being then one. It appears that there were certain paupers actually chargeable, and it was the intention to divide- them equitably between the two towns. After this is done, the parties look forward, and make an equitable apportionment of those who shall in future become chargeable. They determine, that the towns shall provide respectively for the poor who shall have a settlement in either town respectively. The family of John Branscomb derived their settlement from Persis, who would have been chargeable to Boylston, if there had been no special agreement. We are of opinion, that this agreement related to her and her child Christopher personally, and did not extend to such of her family as should afterwards become poor ; and that the paupers in the present case belong to Boylston.
With respect to damages, it is objected, that Shrewsbury should have given notice of the action brought by Augusta, in order that Boylston might submit or defend, as it should think proper. Such notice was no otherwise necessary than to conclude Boylston by the judgment. Shrewsbury was hound to defend the action, because too great a sum was demanded ; but the omitting to give notice only opened the case to Boylston to deny the settlement of the paupers in Boylston, or to reduce the sum which had been recovered by Augusta. There is no evidence of improper expense by Shrewsbury in defending the suit.[1]

Judgment according to the verdict

 See Hebron v. Marlborough, 3 Conn. R. 209; Westborough v. Franklin, 15 Mass. R. 254; West Boylston v. Boylston, 15 ibid. 261; Norton v. Mansfield, 16 ibid. 48.